The District Court granted Mr. Caldwell relief under Davis, and it re-sentenced him to approximately 45 months. That sentence was less than half of another co-conspirator who pled guilty after Davis, and about seven times less than the defendants who committed the same violent takeover-style robbery, but who went to trial after Davis. On its way to granting relief under Section 2255, the District Court committed two errors. We asked the Court to reverse on both. First, the District Court found that Mr. Caldwell had cause to excuse his defaulted claim that 924c3b had a vague residual clause. The District Court found that that claim was novel. In doing so, the District Court misapplied Supreme Court precedent. Second, the District Court broke ground that this Court has never broken. The District Court found that Mr. Caldwell could be freed from his collateral attack waiver on account of a miscarriage of justice, even though Mr. Caldwell's similarly situated co-conspirators did not receive the same windfall that he did. Starting first with the default, there is no dispute that 924c3b was unconstitutionally vague. That claim was thus defaulted. In United States v. Frady, the Supreme Court made clear that a claim that is defaulted can only be brought under Section 2255 if the movement can show cause and prejudice. In Vowsley, the Supreme Court- What if he's actually innocent? In Vowsley, the Supreme Court later added an actual innocence exception to the cause and prejudice requirement. However, it is the movement's burden to argue for actual innocence. Mr. Caldwell did not assert in the District Court that he could overcome the procedural bar on account of actual innocence. He has not argued that on appeal. Therefore, we think he has waived it. Even if this Court were to consider it, he is not actually innocent under Vowsley. And that is because in Vowsley, the Supreme Court made clear that where the charges during the course of the plea negotiations, his actual innocence must extend to those charges as well. He has the burden to make that showing. He cannot make that showing here. I thought in Vowsley, though, it was that there were other charged offenses that were dismissed as part of the plea agreement, whereas here, he wasn't charged. I understand you're saying you could have, in retrospect, charged him with Hobbs Act rather than conspiracy, but isn't- I mean, that just seems to extend Vowsley, because you can always say, well, there's something else we could have charged the person with, and it would seem to defeat the actual innocence. It's an excellent question. The D.C. Circuit, in the case called CASO, C-A-S-O, that's in our brief, recognized that it doesn't have to be charges that were indicted. It has to be charges that could have been brought. And here, it's more than could have been brought. They would have been brought. We know that because the defendants who did not plead guilty until after this Court's decision in Davis were charged with the 924C predicated on the substantive Hobbs Act robbery. They were also charged with kidnapping. The jury found them guilty of all of those counts. Moreover- You'll have a lot of situations, of course, where you won't have that fact pattern, right? Yes, absolutely. And the Department has taken the position that unless there is evidence in the record that proves that we could have brought the charges, then we will not assert that the defendant cannot pass through the actual innocence exception. Your response there just reminded me of a question I had. Hasn't DOJ, in many instances, not enforced waivers on these types of claims? And if so, what is the guidelines for when you're doing so and when you're not? It's an important point. I need to stress it today. Our position is that we will enforce the waiver or argue the procedural default where we forewent equally or more serious charges. And the record supports that we did so. That's why we're arguing the default here. So there are cases where DOJ has not enforced the waiver on Davis claims? Correct. And that's where- I thought I'd see that. I was trying to figure out the difference. That's exactly right. So if you imagine a scenario where someone pleads guilty to something that wouldn't otherwise qualify at this point, only conspiracy. Let's say he never went in the bank. There's only conspiracy. And the 924C. And at that point, if there was no other equally or more serious charges that we dropped, we would not attempt to enforce the waiver. Are there cases that go contrary to the D.C. Circuit and say, no, they have to be actually charged? The 4th Circuit's decision in Adams, I don't think is cited in the briefing here, but the 4th Circuit's decision in Adams, I think, even if they were charged, I think, under the 4th Circuit's miscarriage of justice exception in Adams, I don't think they would qualify. In our position, the D.C. Circuit has the better view on that, in part because of the language of the D.C. Circuit. In Bowsley, the Supreme Court did not seem to limit itself to only the charges that were dropped out of the indictment. And the rule in discussing the default was placed in the context of the importance of finality in plea agreements and the society's importance in final judgments. And there, the Supreme Court, Kaso and the 7th Circuit and Lewis both recognized that what the Supreme Court in Bowsley was doing was trying to prevent windfalls. And that's exactly what we have here. Well, finality, that can't be the be-all, end-all because the DOJ is not, as you just said, not enforcing waivers in some of these Davis cases. It's not the be-all, end-all where it would result in a manifest miscarriage of justice where there wasn't equally or more serious charges that were dropped. But in this case, exactly as the 7th Circuit recognized in Oliver and the 9th Circuit recognized in Goodall where, in the language of the 7th Circuit in Oliver, we could have easily predicated the 924C on the substantive Hobbs Act robbery, there is not a — there would not be a miscarriage of justice here, no. I also want to stress that if the court were to go the other way, you would have a situation where the defendants who pled guilty after Davis, who did not have the benefit of Davis, were forced to plead guilty to the 924C on the substantive Hobbs Act robbery. So for the same co-conspirators who committed the same violent takeover robbery, you would have one group who got the benefit of Davis and another group who didn't, if only because one group happened to come first and didn't press their Davis claim on direct appeal. The district court here, as I said, didn't resolve this case on actual innocence. The district court resolved it on cause. I want to ask about cause. It seems like everyone is sort of avoiding the real reason a direct appeal wasn't brought, which was that there was an appellate waiver. That doesn't factor into the cause analysis at all, that there was an appellate waiver that clearly at the time barred an appeal. There was an appellate waiver. I don't think that factors into the cause analysis, because the default actually started in the trial court. So this defendant was pled guilty after Johnson. Some defendants who were in that situation in the trial court reserved their by going to trial and maintaining that argument, and then they argued it on direct appeal. Stipulated bench trial or something? Stipulated bench trial. Correct. I don't know of a situation where our office allowed someone to plead guilty and reserve that claim, but there was a way of doing it, and Mr. Caldwell just didn't do that here. Instead, he negotiated this favorable plea, agreed not to bring this challenge, and then is trying to benefit from a later changeable. You keep coming back to that, but you keep saying the DOJ waived this in some instances. Now, you know, I just don't want you to be inconsistent, saying in all cases, if you didn't reserve the constitutional challenge, the court should rely on the DOJ to decide? I just want to be explicit. So our position is that if there was not additional, more serious charges that we could have brought, then we waive. But if there was... Why do you want the courts to say that? We would like the court to recognize that. Absolutely, yes, Your Honor. It's important for the department to explain why we waive in some cases and why we don't in others. But in cases like this, where there was obviously more serious or equally serious charges that could have been brought, then we are asserting the default here. Judge Costa, you were asking about cause. So in the trial court, he could have brought this claim. Now, what the district court said was that the claim was novel, was that the In our opinion, that conflates futility with novelty. This claim may have been foreclosed in the circuit at the time that he would have brought a direct appeal, but it certainly was not novel in that the legal principles to develop the claim were available. Indeed, after Johnson, even before Johnson, the claim was available, the Eleventh Circuit realizes much in Gronda, but certainly after Johnson, scores of federal prisoners and federal defendants argued that Johnson extended to 924C3B. And in the language of Bowsley, the federal reporter was replete with those cases. So the district court erred in finding that the claim was novel under Bowsley. As I said, there is an actual innocence exception, but he didn't argue it in his 2255 motion. He has not briefed it on appeal. We think it's waived. We don't think he satisfies it anyway. If there are no further questions, I'll reserve the remainder of my time. Oh, go ahead. Assuming there is cause or actual innocence, can you address the merits of whether he's barred by the waiver from bringing the Davis claim? Oh, I see. Yes, the waiver would bar him from pressing the Davis claim. Right. Well, it's a small question. Does Barnes apply? Do some of our unpublished decisions apply? Sure. Is there a manifest injustice exception? Absolutely. Can you address that? Yes, Your Honor. Barnes is the controlling case here. So after the conviction becomes final and the direct appeal is over, and then the defendant tries to benefit from a change in law, he cannot do so under this court's well-settled precedent. Barnes cites earlier cases, Creed, L. Burns, and others. But Barnes controls, and that's what distinguishes this case from Picasso-Lucas, because in Picasso-Lucas, we were still in the direct appeal. And so where you have a direct appeal situation that is more analogous to White and Spruill and Meacham, the other cases that, on direct appeal, we agree, or where the defendant cannot waive — Do you think Picasso-Lucas was correct? I would have thought your point would be that Barnes applies, Picasso-Lucas is unpublished and not faithful to the correct line of doctrine. I think Picasso-Lucas is unpublished. This Court doesn't have to follow it. To the extent that I was attempting to reconcile Picasso-Lucas with the other cases, to me it seems to fit the best in the line of direct appeal cases, like Spruill and like White. But why is that the principle that we should draw between the White line and the Barnes line, I'll call them? I understand that in Picasso-Lucas, the change in law happened after he entered the plea agreement, so in that way it would seem to analogize to Barnes. And we took the position in the reply brief — I would have thought that that's your line of distinction. If it's a change in law that happens after, then it's not sort of an absurd — nobody would plea to something that's literally legal at that time. Correct. It makes more sense to accept the plea if the change in law happens after, because you're obviously just pleaing in the hopes that you'll get leniency or whatever and gamble away, essentially, your potential future change. That's absolutely right. And that's the way that I wrote the reply brief. I think that's the way I see the distinction. There's just tension in the case law. But I think that's how we resolve the tension. Yes, sir. I think that's exactly right. Barnes isn't exactly on all fours, is it? Barnes is not on all fours in the sense that it was a 2255 — I mean, not on all fours with Picasso-Lucas or with this case. This case. Because it was a challenge to a sentence or — Yes. That's — For one reason. That's one reason. Sure. I think that's a distinction without a difference here. Because in the Ninth Circuit, in Goodall, they explained that, for good reason, that an exception that allows you to challenge an illegal sentence actually wouldn't apply to an exception that allows you to challenge an illegal conviction, because at the time that you were pleading guilty and accepting this conviction, that you committed the acts of the offense, the law at the time controls. Well, let's talk about logic here for a second. We said in Barnes that we recognize an exception in cases where the sentence exceeds the statutory maximum. Right? Right. And it seems like in most cases, you would be able to at least think that your sentence might be exceeding the statutory maximum, because the statutory maximum would be known at the time you were sentenced. Is that correct? Yes. Okay. Here, we thought the law was constitutional. As it turns out, it wasn't. So that was never really a crime to begin with. He was charged with a crime, pled guilty to a crime that did not exist. Right? At the time that he pled guilty, the crime didn't exist. We thought it did, but it didn't, because it was unconstitutional. It's not like it was a crime and then it was constitutional and then it wasn't. The fact was we just didn't have the guidance from the Supreme Court to tell us that it was not a crime. He pled guilty to something that we now know was not a crime. If I may briefly answer your question, that only happens if he benefits from the change in law. Well, I'm just saying, assuming he benefits from the change in the law. That would, in our opinion, contradict Barnes. Well, I don't understand the distinction you're drawing here. Why is it so bad that a defendant pleads guilty and gets sentenced above the statutory maximum and he pleads guilty to a crime that doesn't exist and the statutory maximum would therefore be zero and he's sentenced to four, five, ten, fifteen years? I don't understand why one is okay and the other isn't. If you follow my logic, it's not a sentencing error, but the dissonance is equal. The sentence for him would be zero, because he did not commit, as it turns out, a crime. So he shouldn't be sentenced to anything, but we say, well, he should remain in prison because he was convicted. I don't understand why that's why the law would say we go one way there, but not when he's sentenced to above the statutory maximum. Why doesn't he get the benefit of that? The same would have been true in Barnes. He would have been doing the extra five years because without the ACCA sentence, his statutory maximum would have been ten years. And the circuit said he doesn't get the benefit of the change in law in that case. And even if the sentence was illegal, applying the ACCA, he doesn't get the benefit. Illegal is different than above the statutory maximum. I thought Barnes made that distinction. The statutory maximum, had the ACCA not applied, would have been ten years under 922. The ACCA is zero to ten on the firearm offense, or if the ACCA applies, then fifteen to life. But if the ACCA didn't apply, then fifteen years was absolutely above the statutory maximum that could have otherwise applied the zero to ten. Okay. I'm just talking about the appeal waiver part. Correct. So in Barnes, this Court said that the appellate waiver is valid against a future change in law. And that's exactly what we have here. All right. I've misunderstood Barnes then. I'm Franklin Mickelson. I represent Joshua Caldwell. Judge Kincaid found that because this was a non-existent crime, that Mr. Caldwell was actually innocent. And in my brief on page nine, I adopt and agrees with the District Court's contention that Mr. Caldwell is actually innocent because there is no crime to which he is guilty of. In Reese, this Court held that cause and prejudice does not apply because the defendant is actually innocent under Davis. I think Reese controls this Court on the issue of cause and prejudice. The government tries to make a distinction, saying that under Boozley, that because it could conceivably have charged the defendant with something else, that it is distinct. But I don't think that is a valid way to read Boozley. It doesn't really make sense. It leads the Court down a question of hypotheticals. Now, granted, not so much in this case. But if the rule is that . . . what if it's guilty to a charge that is no longer a valid charge . . . Page nine of your brief? Page nine? Yes, sir. So the government says that you have not preserved your procedural default argument with respect to actual innocence. I think the government said that you forfeited . . . your client forfeited both on appeal and District Court. So you're saying page nine of your brief preserves it. If I'm reading this correctly, though, that's on the plea waiver issue, not on the default issue. Am I misreading your brief? Well . . . I mean, maybe it doesn't matter, but . . . I think that would be my point, is . . . I mean, the District Court . . . You acknowledge that you're actually referring to a different issue. Yes, yes, that is true. My point is it doesn't matter. It's good enough for one, good enough for the other. Yes, sir. If he's actually innocent . . . Words actually innocent do appear in your brief. And I guess my . . . and I think that's the . . . and that's where these two issues really bleed over. I mean, in taking a large view of the case, is when you have a . . . what makes this distinct from, I think, Barnes, you have a case in which a defendant pleads guilty to a nonexistent crime. As this Court said in Jackson, very powerful language, that . . . to convict someone of a crime on the basis of conduct that does not constitute a crime offends basic notions of justice and fair play. Your client's conduct did violate 924C, though, right, that the crime . . . the statute says it's illegal to brandish a firearm during a crime of violence, and based on the facts he admitted to, he brandished a firearm during a Hobbs Act robbery. It's just that the problem is just the government listed as the predicate conspiracy. But, I mean, he . . . you just . . . the quote you just read said, look at the conduct. The conduct here violated 924C. Is that right or no? No, I think that's true, Your Honor. I mean, he did . . . How is he actually innocent if he violated 924C? Because he's actually innocent of the charged crime. What I think . . . I think the way . . . the manifest injustice is having people be convicted. You know, we can only deal with charged crimes. That's the law. That's how we know if someone is guilty or not. Is there a charge? Is it proven beyond a reasonable doubt? Is the person really guilty of that charged crime? Everything else becomes hypotheticals. Maybe he could have been prosecuted on something else. Maybe there could have been . . . why would it be . . . gave up a more serious crime? It could have been a less serious crime. What about if it's, in this case, an equally serious crime? I think we have to deal with the charged crime. Is the person guilty of the charged crime? If they're not, there's manifest injustice. Whose burden is it to show actual innocence? The defendant's, procedurally. And it's a limited exception to the normal procedural rules. Yes, it is an exception to cause and prejudice, and it's an exception to the appeal waiver. And I think the larger issue of whether, like in a case like this, whether the defendant is guilty of some other crime, the process to deal with that would have been for the government . . . could have moved to withdraw the plea and challenge the validity of the plea at that basis. But I think if we have the justice system, if we have a system of laws, that we shouldn't have people stand guilty of nonexistent crimes. And I believe in Jackson . . . Well, then you're just disagreeing with Barnes. Well, Barnes . . . the difference with Barnes is it's a sentencing issue. Right, but it's the same principle, right? You shouldn't be sentenced to something that's illegal. I think it's . . . I do disagree with Barnes to some extent. That's true. But it is . . . Why not? It is distinct in my mind, because we're dealing with . . . Let me go back to my earlier point in terms of the actual innocence preservation issue. Do I understand correctly, part . . . it's your second part of your brief that focuses on procedural default, right? Part one of your brief talks about the appeal waiver. Part two talks about procedural default. I believe that's correct, Your Honor. Do you talk about actual innocence anywhere in part two when you're talking about procedural default? No. I do not separately talk about it. Why is that not forfeiture? I'm not saying it is. I'm just asking you why it's not a forfeiture problem for you. Well, I . . . maybe it should have been more explicit. In fact, I would even say I should have probably more explicitly talked about Reese in my brief. But the other issue, you know, essentially I'm addressing what Judge Kincaid did in my brief. I'm defending his order, and his order focused on the novelty and futility issue. And so in that section of the brief, I'm basically discussing that issue about futility and novelty. And I think, again, the government, I think, reads boostly as eliminating the Supreme Court's decision to read. And at the time that Mr. Caldwell pleaded guilty, there was not one single circuit that had ruled that 924-3CB was unconstitutional. In this court, I can find at least three cases in which this court has said no, it's not. So as Reed said, when every court, you know, every lower court has said ruled one way, it can be deemed to be a cause. And I'm discussing that issue in the first part of that brief. Well, it seems to me it doesn't matter what you put in your brief up here. What did you argue in the trial court? Because you don't have the burden here because you won in the trial court. So it only matters what you raised regarding actual innocence in the trial court. What did – what was raised in the district court about actual innocence? On the cause and prejudice issue, I – my recollection is I argued that it was futile and basically pointed out the difficulty the defendant has. Both the government is saying – of course, the government would have deemed any argument saying that Davis should – or any argument challenging 924-3CB on vagueness as frivolous. And then it also caused him to waive his right to appeal. And frankly, actually in this case – Your focus was cause as opposed to actual innocence? That's right, in the district court. Well, in relation – in the district court, my recollection is in relation to the issue of cause, I was pointing out how extremely futile it was. And also pointing out, of course, that the government – and the government in its own brief says that it could not have foreseen Davis. So on the one hand, the government in its brief acknowledges that it allowed Mr. Caldwell to plead guilty because it could not have foreseen Davis coming down the pike. And yet it wants to fault him, say that it's not a cause to raise the issue, when it would have been utterly futile and frivolous for him to raise it at that time. And he also could not have foreseen that development in the law. I mean, it might have been conceivable on some level, but it would certainly have been – Your point is you have a good cause argument. Yes. But just to be clear, when the other side says – when the government says you didn't argue actual innocence in the district court, you focused only on cause, are you agreeing with that and that you should win on cause? Or are you also saying the government's wrong and you did argue actual innocence in district court? My recollection is I did not argue actual innocence in relation to cause, but I did argue it in relation to – as a manifest injustice – On the appeal waiver. On the appeal waiver issue. But I think – So we're here basically to discuss cause, essentially, on the procedural default issue. Well, I guess I don't understand, to be frank. The only way to survive – the only way to affirm the judgment below on the procedural default point is to go on cause. Well, but when he finds that he's actually innocent of the crime, he's finding an exception. He's finding a basis for the exception to cause. Okay. Your theory is even though you may not have presented it, it is what the district court did. Yes. And the district – and I think it would be very, very procedural to say we find it's manifestly unjust. He's actually innocent for the purpose of the appeal waiver, but he's not actually innocent for the purpose of Reese and for the cause and prejudice issue. You're saying it's too formalistic. That seems very formalistic. I think ultimately – I think the larger question is a really – is there a manifest injustice to hold somebody guilty of a crime, a nonexistent crime, and what is the remedy? I want to go back to – you discussed Barnes, and you distinguished it as a sentencing case, which – I'm not sure that's the case. In the Armed Court of Criminal Act, it is a different statute, 924, versus just felon in possession is 922. But assuming it is just about sentencing, that Barnes is just about sentencing, that's how you try to distinguish it. But doesn't, if anything, the case law say that sentences in excess of the statutory maximum are a more established exception to appeal waivers? You seem to be saying the opposite. You seem to be saying a problem with the sentence above the statutory maximum isn't as serious as what we have here. Well, yes. I mean, I don't – if you're not guilty of the crime, the sentence should be zero. So, in effect, you are being sentenced above the statutory maximum. It is even a more fundamental problem. But Barnes was about a sentence above what he otherwise would have – otherwise he would have received 10 years at most, absent the Armed Career Criminal Act enhancement, right? Yes. So then I'm back to how do you distinguish Barnes? And maybe – and I apologize if I don't understand or have read Barnes closely enough. I do agree that there are cases in tension. I mean, there are many times a Spruill, White, Alvarado, Casas, you know, numerous cases when this court has found when there's not a factual basis to support the conviction that the appeal waiver doesn't apply. That seems all the more true in a case like this in which there's a nonexistent crime. But all those cases, there was not a change in the law after conviction and sentence, right? I believe that's right, yes. Right. So why isn't that the simpler way to understand our case law? I understand you've said you disagree with Barnes and that, you know, you have a right to go on bonk and whatnot. But assuming we have the White line and the Barnes line, why is not the best way to reconcile these two seemingly disparate lines of precedent is that it all turns on whether you knew what the law was at the time that you were pleading as opposed to some future change? Because if Davis wasn't retroactive, that would make sense to me. But given that at that— No, I mean, the line could be as simple as nobody knowingly pleads to something that they're literally innocent of at the time as opposed to you might very well plead guilty to something that may or may not be changed or repealed by Congress or overturned by higher court. But you want to lock in the leniency now. That's not as irrational to me as you're literally pleading to something that you shouldn't plead to right now. To me, they're the same in the sense that they are—in both cases, there's not a crime. If you plead—if there's no factual basis— But if it's a crime as of the time you're pleading, but you're hoping that someday Congress will change its mind, that higher court will do something different, either interpretation or constitutional validation— I believe there is— People do rationally make judgments about the potential future all the time, don't they? Because Davis is retroactive, there wasn't a crime when Caldwell pled guilty to it. Every plea involves a guess about what the jury's going to do. The jury could have quit. So are you rational for pleading every time because you could have won an acquittal? No. So what's the difference? An uncertain future jury decision, an uncertain future Supreme Court decision? I guess I may not be following the court. I mean, he certainly had a reason or motive to plead guilty. He certainly—in fact, I think in this case, the reason— because he pled guilty to both of the charge counts. The reason was to get the benefit of cooperation. In reality, often the government says, or lawyers think, we've got to give up the rights to appeal, we've got to plead guilty to the charge, but we're cooperating, and that way we'll be rewarded in that end. That's all true. But what I struggle with is that he now stands charge guilty of a nonexistent crime for which there should have been no punishment for. Now, whether or not he did another crime is—it's in the factual resume that he did. That is true. But the answer is to convict him of that crime of which he's actually guilty. And the way to get there was to challenge the validity of the plea agreement once he filed the 2254. I want to ask about the manifest injustice exception, which you're asking us to recognize. I mean, that seems like a pretty vague concept that people are going to have a lot of different views about. Would it be a manifest injustice if your client—the law didn't change. Davis never came out. So no change in the law, but an alibi came forward or a video came forward that had ironclad proof that your client had nothing to do with this. Is the word you've used that there was not a crime. Would that factual innocence that developed after the fact be a manifest injustice that would allow him to get out of the plea? I believe yes. In the waiver, I mean? I believe yes. I mean, there's an—I mean, again, there's another case of factual innocence. So I wouldn't apply the waiver, and I wouldn't see why public policy— if it's a manifest injustice, if the person is actually innocent of committing the crime, whether because the crime no longer exists or whether because the facts are manifestly false. I thought the Supreme Court had written on this. I can't remember the two cases, but that you get one shot at it, you don't get successive habeas, but you can raise that actual innocence claim in habeas for the first time. Yes. With a habeas waiver? Yes. McQuiggan, I believe, is the line of cases where actual innocence is a basis for being outside the statute of limitation. And so it seems to me, and it seems like a good rule, that the courthouse doesn't want, for the purposes of respect of the criminal justice system, we don't want people, whether it's just based on the facts or because the crime no longer exists, to stand convicted. What if evidence comes out that the defendant was beaten to confess, which is a bad, bad thing? Would that be a manifest injustice that would get out of the waiver? That I don't know. I thought it was turned on. Were the facts available at the time? The actual innocence exception—I can't recall the case. The U.S. Supreme Court decided that if the facts—it follows AEDPA, basically, but it applies habeas, the existing common law habeas, to what AEDPA meant. And as I recall, they said you get one shot at actual innocence as long as the facts weren't known at the time. That's my recollection. I believe that's correct, and, you know, I've done enough habeas to kind of have gone down that road, and I don't know that the Supreme Court had made that perfectly clear as to whether the facts were known at the time. I—normally, if the facts were known at the time, you have a very strong and effective assistance counsel claim, so it becomes somewhat academic. But more—clearly, the Supreme Court was considering more the—you know, the other person—I did the murder, and they didn't want to have the courthouse door— Right. To get over the habeas procedural rules, but those didn't involve appellate waivers or habeas waivers, right? I don't think the Supreme Court ever addressed the validity of a waiver of habeas or direct appeals. Not that I know of, nor whether there are any exceptions to when the waiver applies. I believe that is all circuit law. Thank you for your consideration. In Bowlesley, the court made clear that it is the movement's burden to satisfy the actual innocence exception gateway. He did not, in the district court, argue that he could overcome the procedural bar through the actual innocence exception gateway. But the district court found it, so where are we? Maybe he didn't—maybe the district court would have been totally within its discretion to say, you didn't argue this, you know, I might have ruled for you, but since you didn't raise it, I'm not going to consider it. But the district court did find actual innocence, so what do we do with that? Not vis-à-vis the procedural bar. The district court found actual innocence vis-à-vis the appellate rights waiver. On the procedural bar— I wanted to follow up on that earlier. As I look at it, pages three to five of the district court opinion is about procedural default, and it's only about cause and prejudice. Novelty. Exactly right. So when we heard about actual innocence, it is in the district court opinion, but it's on the plea waiver issue. That's exactly right. And the same—the way I read Mr. Caldwell's brief on appeal. So exactly as you pointed out, on the procedural default issue, there is only a section on cause and prejudice. There's no subsection on actual innocence. He does quote the district court's opinion, but, again, that's vis-à-vis the procedural default. I used up more than my allotted time on the front end. If there are any other questions about Barnes or any other cases, I would be happy to answer them. Otherwise, we would ask this court to vacate the judgment entered after the grant of Section 2255 relief, vacate the judgment granting Section 2255 relief, and return this case to the district court to reimposition of the original judgment. Thank you.